UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
STEPHEN POTHEN,

                      Plaintiff,                  **ORDER**
         -against-                              CV 13-6170 (JFB )(AYS)

STONY BROOK UNIVERSITY,

                      Defendant.
---------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

Stephen Pothen ("Pothen" or "Plaintiff"), proceeding pro se and in forma pauperis, filed this action against the State University of New York at Stony Brook ("Stony Brook" or "Defendant") on November 7, 2013, alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") by discriminating and retaliating against him based upon his race, national origin, color, and religion. In a letter dated December 11, 2013, Plaintiff was advised of the receipt of his complaint, and informed that his case was assigned to District Judge Joseph F. Bianco and Magistrate Judge A. Kathleen Tomlinson. He was further informed of certain responsibilities, including his responsibility to follow the Local Rules of this Court, as well as the assigned Judges' Individual Rules. DE 5. The District Court, in an order dated March 21, 2014, dismissed Plaintiff's complaint for failure to state a cause of action and gave Plaintiff an opportunity to amend. Plaintiff filed an amended complaint on June 26, 2014, and a second amended complaint on April 28, 2015. On April 27, 2015, this matter was reassigned to this Court. See Electronic order dated April 27, 2015. Shortly thereafter, this Court docketed an order attaching the individual rules of this Court. DE 36.

Defendant moved to dismiss the second amended complaint pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. See Docket Entry ("DE") 47. On September 30,

1

2016, the District Court granted in part and denied in part Defendant's motion to dismiss. Specifically, the District Court granted the motion to dismiss with respect to Plaintiff's claim for Title VII discrimination as it relates to his termination, but denied the motion with respect to the Title VII discrimination claim based upon a failure to promote, denial of overtime, negative reviews, and receipt of a disproportionately heavy workload. Defendant's motion to dismiss was also denied as to Plaintiff's Title VII claims of retaliation and hostile work environment. See DE 51.

On November 3, 2016, this Court held a discovery conference. See Minute Order dated November 3, 2016. At the conference, the parties were given this Court's discovery protocols for use in employment cases. This Court instructed the parties to complete the protocols by December 2, 2016, and further instructed Plaintiff to contact the Eastern District Pro Se Clinic to seek assistance in completing those protocols. Id.

On December 9, 2016, this Court received a letter from Plaintiff setting forth a request that the Court decide if certain documents, which Defendant failed to produce on the basis of relevance, were in fact relevant. DE 60. On January 3, 2017, Defendant filed a status letter, which stated that "Defendant is uncertain regarding what additional discovery, if any, Plaintiff seeks." DE 61. The following day, this Court scheduled a discovery conference for January 26, 2017. See Order dated January 4, 2017. On January 9, 2017, this Court received an additional letter from Plaintiff, which set forth "grievances" Plaintiff had with Defendant's responses to his discovery requests. DE 65. On January 10, 2017, the parties requested, and were granted an adjournment of the January 26, 2017 discovery conference. DE 64. On February 2, 2017, this Court held the discovery conference. See Minute Order dated February 2, 2017.

During the February 2, 2017 discovery conference, Plaintiff raised several discovery disputes, Defendant responded, and the Court made several rulings. See Minute Order dated February 2, 2017. The Court further set a briefing schedule for the discovery issues that were not decided during the conference. On March 13, 2017, this Court granted Defendant's Motion to Prevent Disclosure, DE 70, and denied Plaintiff's Motion to Compel, which was raised before the Court during the February 2, 2017 discovery conference.

On March 17, 2017, Defendant attempted to schedule Plaintiff's deposition. DE 77. On March 27, 2017, Plaintiff emailed Defendant a letter, dated March 26, 2017, which requested that his deposition be held in "court session" and that the Attorney General's office pay Plaintiff traveling expenses and wages for his time. See DE 77, Exhibit ("Ex.") C. On March 28, 2017, Defendant filed a motion to compel Plaintiff to attend his deposition, deny Plaintiff's request for payment to attend his deposition, and an order providing for an end date for discovery. DE 77. On March 29, 2017, this Court issued an electronic order directing Plaintiff to file his response to Defendant's motion, if any, by April 14, 2017. See Electronic Order dated March 29, 2017. That same day, Defendant filed proof that he had served Plaintiff with the Court's order.

On March 30, 2017, Plaintiff's letter dated March 26, 2017 was docketed on ECF. DE 79. The letter requested the Court to direct Defendant to pay Plaintiff traveling expenses and wages for his time. On April 5, 2017, a letter from Plaintiff, dated April 3, 2017, was filed on ECF. Although Plaintiff characterized his letter as responding to "the court order dated 03/29/2017," the letter failed to provide any basis to support Plaintiff's contention that his deposition should be conducted in the court's presence or that he was entitled to monetary relief for time related to his deposition. DE 80. Instead, the letter requested only that the Court extend all court proceedings until June 7, 2017. Id. To date, Plaintiff has not filed any other opposition to

3

Defendant's motion, and Defendant has not filed any opposition to Plaintiff's request for an extension of time. As the time for responses has now expired, the Court will now address: (1) whether the Plaintiff's deposition shall be conducted before the Court, (2) whether Plaintiff is entitled to monetary relief in connection with the taking of his deposition, and (3) the date that all discovery shall be concluded.

DISCUSSION

I. Parties' Communications Regarding Depositions

At the outset the Court notes that Defendant has complied with the Federal Rules of Civil Procedure and its duty to confer with Plaintiff prior to seeking judicial intervention. A review of the emails exchanged between the parties makes clear that Defendant attempted to confer with Plaintiff regarding the taking of his deposition. Indeed, Defendant endeavored to conduct the deposition around Plaintiff's planned trip, which Plaintiff had scheduled between April 17, 2017 and June 7, 2017. Defendant additionally sought to obtain the names of individuals Plaintiff wished to depose. DE 77, Ex. A. Rather than working with Defendant, Plaintiff emailed Defendant a letter which was largely unresponsive. Id. With regard to Defendant's request to schedule a date for Plaintiff's deposition, Plaintiff stated that such deposition could be done in the presence of a judge. DE 77, Ex. A. Defendant informed Plaintiff that the Defendant had the right to take Plaintiff's deposition under the Federal Rules of Civil Procedure 30(a)(1) and that there was no requirement that the deposition be conducted in the presence of a judge. Id. Rather than confer with Defendant, Plaintiff sent a letter to the Court, which he forwarded to the Defendant, stating that he was ready to answer questions "at a court session," and demanded that he be paid for his travel expenses and time in connection with the deposition. DE 77, Ex. C, DE 79.

II. <u>There is No Basis for the Court to Preside Over Plaintiff's Deposition or to Order Defendant to Pay for Expenses Associated with Plaintiff's Deposition</u>

In a civil case, the defendant is entitled to take plaintiff's deposition. Fed. R. Civ. P. 30(a)(1). In certain circumstances, a litigant may be awarded the costs associated with the taking of a deposition. <u>See</u> e.g., <u>DeLorme v. Markwitz</u>, 2017 WL 512617, at *3 (W.D.N.Y. 2017) (holding that due to discovery delay caused by Plaintiff's failure to comply with the Court's order, Plaintiff's counsel was responsible to pay attorney's fees and costs that Defendants incur as a result of deposition expenses.); <u>see</u> also Local Civ. Rule 30.1("When a deposition upon oral examination is to be taken at a place more than one hundred (100) miles from the courthouse, any party may request the Court to issue an order providing that prior to the examination…"). In the instant case, the Court does not find any circumstances present that would warrant the requirement of such an order. Indeed, Plaintiff has not provided any basis for this Court to order Defendant to pay Plaintiff for his time and expenses associated with the taking of his deposition. Likewise, Plaintiff has not presented any basis for his deposition to be conducted in the presence of the Court.

Plaintiff commenced this action over three years ago. At that time, he was informed of his duty to prosecute his case. He was also informed that he was required to familiarize himself with the rules that govern civil actions. His refusal to allow Defendant to take his deposition, which is required under Rule 30, is delaying this action from moving forward. It is also impeding Defendant's ability to defend itself. This conduct is not consistent with the Federal Rules which are to "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. " Fed. R. Civ. P. 1. The Court is mindful that Plaintiff may not possess the same amount of expertise in the legal field as

Defendant; however, that does not relieve Plaintiff of his duty to comply with the applicable rules. "[T]he special solicitude afforded to pro se civil rights litigants does not give them license to violate the Federal Rules of Civil Procedure." Jones v. Westchester Cty., 182 F. Supp. 3d 134, 147 (S.D.N.Y. 2016) (quoting Self v. LaValley, 2013 WL 1294448, at *3 (N.D.N.Y. 2013)(internal quotation marks omitted)). Accordingly, the Court directs Plaintiff to cooperate with Defendant in the scheduling and taking of his deposition as required by the Federal Rules. As Plaintiff has neither provided a basis to support his requests for the Court to preside over his deposition, nor provided a basis for Defendant to pay for costs associated with the taking of Plaintiff's deposition, the Court denies both requests.

   III.   The Following Discovery Schedule is So Ordered

Plaintiff has moved for this Court to "extend all procedures till the seventh of June 2017." DE 80. Plaintiff reasons that such request should be granted because: (1) a recent illness has hampered his ability to speak; and (2) he is taking a vacation from approximately April 17, 2017 until June 7, 2017. Id.

Although the Court is sympathetic to Plaintiff's request, it cannot grant such a broad extension. That is because this case has been pending since November of 2013, and Plaintiff's refusal to be deposed prior to his vacation has contributed to the continued delay. Instead, the Court grants the request for an extension to the extent that the date to complete depositions is extended until July 15, 2017. However, all other discovery must continue. Specifically, to the extent possible, Plaintiff and Defendant shall continue to exchange discovery while Plaintiff is away. Further, all depositions shall be scheduled to occur immediately upon Plaintiff's return from vacation. Parties are directed to submit a joint status letter to this Court by May 26, 2017, which shall set forth what discovery remains and shall be accompanied by a schedule setting

forth dates certain for all depositions. All depositions must be complete by July 15, 2017. All discovery must be complete by September 15, 2017, and the date for parties to take the first step in dispositive motion practice is October 15, 2017.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion, Docket No. 79, is denied; Defendant's cross motion, Docket No. 77, is granted. Specifically Plaintiff shall be deposed by Defendant no later than July 15, 2017, the Court shall not be present for the deposition, and Defendant shall not be required to pay Plaintiff for costs associated with his deposition. Additionally, Plaintiff's Motion to Compel the Court to extend all proceedings until June 7, 2017, Docket No. 80, is denied. Instead, the Court extends the date to complete depositions until July 15, 2017. However, all other discovery must continue. Specifically, to the extent possible, Plaintiff and Defendant shall continue to exchange discovery while Plaintiff is away. Further, all depositions shall be scheduled to occur immediately upon Plaintiff's return from vacation. Parties are directed to submit a joint status letter to this Court by May 26, 2017, which shall set forth what discovery remains and shall be accompanied by a schedule setting forth dates certain for all depositions. All depositions must be complete by July 15, 2017. All discovery must be complete by September 15, 2017, and the date for parties to take the first step in dispositive motion practice is October 15, 2017. Plaintiff is reminded that he may consult with this Court's Pro Se Department should he have any questions during the discovery process.

SO ORDERED

Dated: Central Islip, New York
April 21, 2017

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge