UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
STEPHEN POTHEN,

                       Plaintiff,                      **ORDER**
             -against-                             CV 13-6170 (JFB )(AYS)

STONY BROOK UNIVERSITY,

                       Defendant.
---------------------------------------------------------------X
**SHIELDS, Magistrate Judge:**

      Stephen Pothen ("Pothen" or "Plaintiff"), proceeding pro se and in forma pauperis, filed this action against the State University of New York at Stony Brook ("Stony Brook" or "Defendant") on November 7, 2013, alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") by discriminating and retaliating against him based upon his race, national origin, color, and religion. The District Court, in an order dated March 21, 2014, dismissed Plaintiff's complaint for failure to state a cause of action and gave Plaintiff an opportunity to amend. Plaintiff filed an amended complaint on June 26, 2014, and a second amended complaint on April 28, 2015. Defendant moved to dismiss the second amended complaint pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. See Docket Entry ("DE") 47. On September 30, 2016, the District Court granted in part and denied in part Defendant's motion to dismiss. Specifically, the District Court granted the motion to dismiss with respect to Plaintiff's claim for Title VII discrimination as it relates to his termination, but denied the motion with respect to the Title VII discrimination claim based upon a failure to promote, denial of overtime, negative reviews, and receipt of a disproportionately heavy workload. Defendant's motion to dismiss was also denied as to Plaintiff's Title VII claims of retaliation and hostile work environment. See DE 51.

1

On November 3, 2017, this Court held a discovery conference. See Minute Order dated November 3, 2016. At the conference, the parties were given this Court's employment protocols. This Court instructed the parties to complete the protocols by December 2, 2016, and further instructed Plaintiff to contact the Eastern District Pro Se Clinic to seek assistance in completing the protocols. Id.

On December 9, 2016, this Court received a letter from Plaintiff setting forth a request that the Court decide if certain documents, which Defendant failed to produce on the basis of relevance, were in fact relevant. DE 60. On January 3, 2017, Defendant filed a status letter, which stated that "Defendant is uncertain regarding what additional discovery, if any, Plaintiff seeks." DE 61. The following day, this Court scheduled a discovery conference for January 26, 2017. See Order dated January 4, 2017. On January 9, 2017, this Court received an additional letter from Plaintiff, which set forth "grievances" Plaintiff had with Defendant's responses to his discovery requests. DE 65. On January 10, 2017, the parties requested, and were granted an adjournment of the January 26, 2017 discovery conference. DE 64. On February 2, 2017, this Court held the discovery conference. See Minute Order dated February 2, 2017.

During the February 2, 2017 discovery conference, Plaintiff raised several discovery disputes, Defendant responded, and the Court made several rulings. See Minute Order dated February 2, 2017. The Court further set a briefing schedule for the discovery issues that were not decided during the conference. On March 15, 2017, this Court granted Defendant's Motion to Prevent Disclosure, DE 70, and denied Plaintiff's Motion to Compel, which was raised before the Court during the February 2, 2017 discovery conference. See Order dated March 15, 2017.

On April 21, 2017, the Court extended discovery until September 15, 2017, and advised parties that they must take the first step in dispositive motion practice no later than October 15, 2017. See DE 81. By electronic order Parties were directed to submit a joint status letter to this Court by June 30, 2017. Such letter was to confirm that Plaintiff's deposition was complete, set forth what discovery remains, and set forth dates for any remaining depositions. See Electronic Order dated June 22, 2017. As parties could not reach an agreement in forming a status letter, the Defendant submitted two individual status letters. See DE 88, Exhibit A. Plaintiff also submitted his letter to the Court. DE 89. In its letter, Defendant confirmed that Plaintiff's deposition was complete, and advised the Court that Plaintiff had informed Defendant that he would not be conducting any depositions. Defendant, therefore, stated its belief that discovery was complete and asked the Court to leave the April 21, 2017 scheduling order unchanged. In sharp contrast, Plaintiff's letter states that "disclosure is never complete," and listed twenty-two requests that Plaintiff believes Defendant must answer. DE 89. The Court construes Plaintiff's status letter to be a motion to compel. Many of the requests made by Plaintiff are substantially similar to his previous requests, which this Court has already addressed in the Order dated February 2 and March 15, 2017. As those orders directed Defendant to provide Plaintiff with certain information, this Court directed Defendant to respond to Plaintiff's letter, and specifically set forth whether Defendant has complied with this Court's previous directives. See Electronic Order dated August 31, 2017. In its response Defendant confirms that it has complied with this Court's previous orders dated February 2 and March 15, 2017. DE 92.

For the reasons set forth below, Plaintiff's motion is denied. Discovery shall close on September 15, 2017, and Parties shall take the first step in dispositive motion practice no later than October 15, 2017.

DISCUSSION

I. <u>Legal Standards</u>

The scope of discovery is set forth in Rule 26 of the Federal Rules of Civil Procedure. That Rule has been amended, on several occasions, to reflect evolving judgments as to the proper scope of discovery. Over time, these amendments have been aimed at striking the proper balance between the need for evidence, and the avoidance of undue burden or expense.

In 1999, Rule 26(b)(1) stated that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." Fed. R. Civ. P. 26(b)(1) (1999). In 2000, in an effort to curb over-discovery that took advantage of tying the term "subject matter" to the definition of the scope of discovery, Rule 26 was amended. <u>See</u> Fed. R. Civ. P. 26(b)(1), Advisory Comm. Notes (2000). That amendment required a party to show "good cause" before obtaining discovery that is "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1).

Most recently, as of December 1, 2015, Rule 26 has again been amended. The December 2015 amendment to Rule 26 now defines the scope of discovery to consist of information that is relevant to the parties' "claims and defenses." Pursuant to Fed. R. Civ. P. 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Vaigasi v. Solow Mgmt. Corp., 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). Further, "[t]he party seeking the discovery must make a prima facie showing, that the discovery sought is more than merely a fishing expedition." Evans v. Calise, 1994 WL 185696, at *1 (S.D.N.Y. 1994); see also Mandell v. The Maxon Co., Inc., 2007 WL 3022552, at *1 (S.D.N.Y. 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance." (citation omitted)); see also Surles v. Air France, 2001 WL 1142231, at *2 (S.D.N.Y. 2001) (refusing to permit discovery where defendant had no factual basis that requests would lead to relevant evidence). It is well-established that "[m]otions to compel are left to the court's sound discretion." Mirra v. Jordan, 2016 WL 889683, at *2 (S.D.N.Y. 2016); see also Liberty Mut. Ins. Co. v. Kohler Co., 2010 WL 1930270, at *2 (E.D.N.Y. 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court.").

Thus, the discretionary authority to allow discovery of "any matter relevant to the subject matter involved in the action" has been eliminated. Additionally, the current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant "to any party's claim or defense," also "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

While proportionality factors have now been incorporated into the Rule 26(b)(1) definition, those factors were already a part of Federal discovery standards, appearing in Rule 26(b)(2)(C)(iii). Those proportionality factors have now been restored to the place of their intended importance by their incorporation into the very definition of permissible discovery. See

Fed. R. Civ. P. 26(b)(1), Advisory Comm. Notes (2015) (noting that amendment "restores the proportionality factors to their original place in defining the scope of discovery," and "reinforces the Rule 26(g) obligation of the parties to consider these factors in making discovery requests, responses, or objections").

The specific proportionality factors to be assessed when considering the scope of discovery are:

- The importance of the issues at stake in the litigation;
- The amount in controversy;
- The parties' relative access to relevant information;
- The parties' resources;
- The importance of discovery in resolving issues; and
- Whether the burden or expense of the discovery is outweighed by the benefit

Fed. R. Civ. P. 26(b).

Notably absent from the present Rule 26 is the all too familiar, but never correct, iteration of the permissible scope discovery as including all matter that is "reasonably calculated to lead to" the discovery of admissible evidence. This language was never intended to define the scope of discovery, but was intended only to make clear that the discovery is not limited by the concept of admissibility. Unfortunately, the "reasonably calculated" language has often been employed to refer to the actual scope of discovery. Clearing up this misinterpretation, the new Rule disposes of this language, ending the incorrect, but widely quoted, misinterpretation of the scope of discovery. The present definition of the scope of discovery continues to refer to admissibility, but only by stating that "[i]nformation within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b).

Overarching the interpretation of Rule 26, and indeed all of the Federal Rules of Civil Procedure, is the standard referred to in Rule 1 thereof. That Rule, as amended in December of 2015, requires that the Federal Rules of Civil Procedure "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. " Fed. R. Civ. P. 1 (emphasis added). See Comment to 2015 Amendment to Rule 1 (noting that "the parties share the responsibility" to employ the rules consistently with the standards of Rule 1, and that "[e]ffective advocacy is consistent with -- and indeed depends upon -- cooperative and proportional use of procedure") (emphasis added).

Judicial involvement has long been recognized as critical to the effective management of discovery. Thus, as early as 1983, the Advisory Committee explained that "[t]he rule contemplates greater judicial involvement in the discovery process and thus acknowledges the reality that it cannot always operate on a self-regulating basis." Committee Notes (2015) (referring to 1983 notes). Again in 2000, the Advisory Committee noted that it had been "informed repeatedly by lawyers that involvement of the court in managing discovery is an important method of controlling problems of inappropriately broad discovery") (Committee Notes 2000). The 2015 amendment revisits this theme, noting that the amendment "again reflects the need for continuing and close judicial involvement in the cases that do not yield readily to the ideal of effective party management," including that cases where "the parties fall short of effective, cooperative management on their own." Advisory Comm. Notes 2015.

With these standards and obligations in mind, the Court turns to the merits of the present motion to compel.

II. Plaintiff's Motion is Denied

A. The Court Denies Plaintiff's Requests Regarding Other Employees

Plaintiff's requests numbered 1 through 4, and request 7 are denied. Such requests seek information related to people previously employed by Defendant. The Court denied such requests on March 15, 2017. See Order dated March 15, 2017 ("March 15 Order"), Section II(iv)(denying request for information regarding an interview during April/May 2005); Section II(iii)(denying request for information regarding Biju John); Section II(ii) (denying request for information regarding Willa Shultz); Section II(i)(denying Plaintiff's request for information regarding Harish Sheth).

B. The Court Denies Plaintiff's Request for Information Regarding the Denial of Overtime

Request numbered 14 seeks information regarding the denial of overtime. The Court denies Plaintiff's request for information regarding the denial of overtime. This Court previously ruled that overtime claims are not relevant to Plaintiff's claims of discrimination that occurred after January of 2010. See March 15 Order, Section II(v).

C. The Court Denies Plaintiff's Request for Information Regarding Denial of Promotion

Plaintiff's request numbered 8 seek information regarding a denial of promotion, and request number 9 seeks information regarding why Plaintiff "was not called for an interview for "Eng 2 though [he] was qualified." Defendant was previously directed to turn over a list of all promotions Plaintiff applied for and all documentation in relation to any promotion denials, and the reasons for denials. Thus, this Court finds that the instant requests have been previously addressed. See March 15 Order, Section II(ix). Defendant has confirmed that it complied with this Court's March 15 Order, and Plaintiff has not set forth any evidence to the contrary. See DE 92. Accordingly, this request is denied.

D. The Court Denies Plaintiff's Requests for Information Regarding Complaints of Adverse Treatment

Requests numbered 6, 13, 15, 16, 19, 21, 22 are denied. Such requests seek information regarding adverse treatment. Defendant was previously directed to confirm in an interrogatory response that it searched for any complaints made by Plaintiff regarding adverse treatment, and confirm that it turned over any documentation regarding complaints that it found. See Minute Order dated February 2, 2017. Defendant has confirmed that it complied with this Court's February 2 and March 15 Order, and Plaintiff has not set forth any evidence to the contrary. See DE 92. Accordingly, this request is denied.

E. The Court Denies Plaintiff's Requests for Information Regarding Police Reports

The Court denies the requests numbered 5 and 12. Such requests seek information regarding complaints made by Plaintiff alleging two murder attempts and complaints against Tim Nelson. Defendant has previously been directed to confirm that it looked for and turned over any SUNY police reports made by Plaintiff. See March 15 Order, Section II(x). Defendant has confirmed that it complied with this Court's March 15 Order, and Plaintiff has not set forth any evidence to the contrary. See DE 92. Accordingly, this request is denied.

F. The Court Denies Plaintiff's Request for Information Regarding Denial of an Assistant

The Court denies Plaintiff's request numbered 11, which requests information regarding why PUE 1 was not entitled to an assistant. Defendant was previously directed to confirm whether people worked as assistants for Plaintiff, and to further provide how it searched for such information. See March 15 Order, Section II(xi). Defendant has confirmed that it complied with this Court's March 15 Order, and Plaintiff has not set forth any evidence to the contrary. See DE 92. Accordingly, this request is denied.

G. The Court Denies Plaintiff's Request for Information Regarding OSHA Complaints

The Court denies Plaintiff's request numbered 17, which seeks information regarding his OSHA Complaints. This Court previously directed Defendant that by February 23, 2017, it must produce interrogatory responses with regard to Plaintiff's OSHA complaint, information already turned over to Plaintiff, and information it does not possess. See Minute Order dated February 2, 2017. Defendant has confirmed that it complied with this Court's Orders dated February 2 and March 15, 2017, and Plaintiff has not set forth any evidence to the contrary. See DE 92. Accordingly, this request is denied.

H. The Remaining Numbered Paragraphs do not set forth Relevant Discovery Demands

The Court finds that the request set forth under paragraph 10, which states "Why the university send me a blank resignation form?" is irrelevant. That is because Plaintiff sets forth no indication of why such information is sought. To the extent that it constitutes an adverse action, Defendant has previously been directed to search for complaints made by Plaintiff regarding adverse treatment, and confirm that it turned over any documentation regarding complaints that it found. See Minute Order dated February 2, 2017. Defendant has confirmed that it complied with this Court's Orders dated February 2 and March 15, 2017, and Plaintiff has not set forth any evidence to the contrary. See DE 92. Accordingly, this request is denied.

With regard to requests numbered 18 and 20, the Court finds such inquiries are not proper discovery requests. The Court is unclear as to what university discs and voice records and photographs Plaintiff is referring to in paragraph 18. Paragraph 20 appears to address the exchange of confidential information. Plaintiff is directed to confer with Defendant regarding paragraphs 18 and 20.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel, Docket No. 89, is denied. Discovery shall close on September 15, 2017. The Parties shall take the first step in dispositive motion practice no later than October 15, 2017.

SO ORDERED

Dated: Central Islip, New York
September 8, 2017

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge