FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 15 2018 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STEPHEN POTHEN,

                Plaintiff,

    -against-

STONYBROOK UNIVERSITY

                Defendant.
-----------------------------------------------------------------X

ORDER
13-CV-6170 (JFB) (AYS)

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Stephen Pothen Khalil ("plaintiff") commenced this action on November 7, 2013. Pending before the Court is the motion for summary judgment by defendant Stony Brook University ("defendant" or "Stony Brook") that the Court referred to Magistrate Judge Anne Y. Shields for a Report and Recommendation.

Plaintiff's second amended complaint[1] asserts claims pursuant to Title VII of the Civil Rights Act of 1962, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), alleging that his former employer, Stony Brook, discriminated against him on the basis of his race, national origin, color, and religion, retaliated against him, and created a hostile work environment. (ECF No. 34.) On September 30, 2016, this Court issued an Order granting in part and denying in part defendant's motion to dismiss for failure to state a claim. (ECF No. 51.) In that Order, the Court granted the motion to dismiss with respect to plaintiff's claim for Title VII discrimination as it related to his termination, but denied the motion with respect to the Title VII discrimination claim based on the alleged failure to promote, denial of overtime, negative reviews, and receipt of a

---

[1] On November 7, 2013, plaintiff filed his first complaint (ECF No. 1), which the Court dismissed on March 21, 2014 (ECF No. 14). On June 26, 2014, plaintiff filed an amended complaint (ECF No. 19), which the Court dismissed on March 25, 2015, granting plaintiff leave to file one more amended complaint (ECF No. 33). On April 28, 2015, plaintiff filed his second amended complaint (ECF No. 34), which is the operative complaint.

disproportionately heavy workload. (*Id.* at 12-13.) The Court also denied defendant's motion to dismiss the retaliation and hostile work environment claims under Title VII. (*Id.* at 13.)

On November 1, 2017, defendant filed a motion for summary judgment with respect to all claims asserted in the second amended complaint. (ECF No. 98.) Plaintiff submitted an opposition on December 12, 2017 (ECF No. 100), and defendant replied on December 21, 2017 (ECF No. 101). On April 23, 2018, this Court referred defendant's motion to Magistrate Judge Shields for a Report and Recommendation. (ECF No. 103.) On July 6, 2018, Magistrate Judge Shields issued a Report and Recommendation (the "R&R," ECF No. 108) recommending that the Court grant the motion for summary judgment in its entirety. Plaintiff filed objections to the R&R on July 19, 2018 ("Plaintiff's Objections," ECF No. 110), and defendant filed a response on July 24, 2018 ("Defendant's Response," ECF No. 111). The Court has fully considered the parties' submissions. For the reasons set forth below, after a *de novo* review, the Court adopts the well-reasoned and thorough R&R in its entirety.

### Standard of Review

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v.*

2

*Verizon*, 10-CV-2686 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## Plaintiff's Objections

Plaintiff submitted objections to the Court, in which he asserts that the R&R "considered some of my complaints, but not all." (Plaintiff's Objections at 1.) In this response, plaintiff restates many of his claims, and includes portions of his complaint on which he has handwritten "NC" next to the allegations he believes the Court has not considered. The claims that plaintiff restates include that plaintiff was reprimanded for taking sick leave, he received counseling memoranda, defendant failed to promote him, defendant failed to provide him with assistants for heavy lifting work, his supervisor pushed him and yelled at him, and he was "charge[d]" after he said that he would bring weapons to work to protect himself, among other claims. (*Id.* at 1-4.) The previously asserted claims that plaintiff marked as "NC" include that other coworkers were subjected to discrimination on the basis of race and religion, his supervisor yelled at him, "hammered on the table," and called him "stupid" (which he characterizes as "workplace violence," and which he said other engineers did not experience), this treatment ridiculed him, made him feel "hunted," made his life miserable, and made him feel inferior to the other engineers, he was physically overworked and mentally strained, and other, less qualified

coworkers were promoted over him. (*Id.* at 5-11.) Plaintiff notes that he was admitted to Mather Hospital for "mental depression." (*Id.* at 11.)

As discussed further *infra*, the R&R fully and correctly addressed each of these claims, and plaintiff's response fails to raise new arguments that undermine the correct analysis contained in the R&R.

## Analysis

Having conducted a review of the full record and the applicable law, and having conducted a *de novo* review of the R&R, the Court adopts the analysis and recommendations contained in the R&R in their entirety.

As a threshold matter, the R&R notes that, in response to defendant's motion for summary judgment, plaintiff failed to submit a Counter-Statement of Material Facts, in violation of Local Civil Rule 56.1. (R&R at 1.) Instead, plaintiff submitted only an opposition that included attachments with selected portions of defendant's Rule 56.1 statement and exhibits underlined and annotated with his responses. (*Id.* at 1-2, ECF No. 100.) The R&R notes that plaintiff's opposition failed to include admissible evidence, but that, in light of plaintiff's *pro se* status, Magistrate Judge Shields conducted a review of the record to determine (1) if there was any evidentiary support for plaintiff's assertions of fact and (2) if there were any other material issues of fact. (R&R at 2 (quoting *Feelings v. Stukes*, No. 15-CV-1889 (JPO), 2017 WL 3601241, at *2 n.1 (S.D.N.Y. Aug. 21, 2017)).)

Turning to the R&R's analysis of plaintiff's claims, first, the Court agrees with the R&R's conclusion that plaintiff's claims based on separate, discrete acts of discrimination and retaliation that allegedly occurred prior to February 11, 2012 were time-barred. (R&R at 15.) The R&R discusses the "continuing violation" doctrine (even though plaintiff did not argue that

4

this doctrine should apply), under which the limitations period could be extended for certain claims. (*Id.* at 13.) The R&R explains that the doctrine is "heavily disfavored" in this circuit "absent a showing of compelling circumstances" (*id.* at 14 (quoting *Kubicek v. Westchester County*, No. 08-CV-372 (KMK), 2009 WL 3702155, at *6 (S.D.N.Y. Oct. 8, 2009))), and recommends that the Court decline to apply this doctrine to extend the limitations period for these claims (*id.* at 15). In support of this recommendation, the R&R states that plaintiff "failed to submit any evidence from which the Court c[ould] infer that a practice or policy of discrimination occurred that would warrant applying the continuing violation doctrine." (*Id.*) Among the claims that the R&R concludes are time-barred are those based on allegations that plaintiff was interviewed but not hired for a position that would have constituted a promotion. (*Id.*) After conducting a *de novo* review, the Court concludes that this analysis is correct.[2]

The R&R states that, "[a]fter excluding the time-barred claims . . . the remaining claims of discrimination that Plaintiff alleges pertain to unfavorable work assignments, bad reports and workplace incidents involving his supervisor, Kingsley – *i.e.*, the initial refusal to file an accident report, not allowing Plaintiff to leave early while allowing others to do so, and workplace violence." (*Id.* at 16-17.) Thus, the R&R next considers plaintiff's timely discrimination claims, and concludes that the alleged acts did not constitute adverse employment actions because "none adversely and materially changed the terms and conditions of his employment." (*Id.* at 17 (citing *Mathirampuzha v. Potter*, 548 F.3d 70, 78 (2d Cir. 2008)).) The R&R explains that plaintiff failed to establish a *prima facie* case of discrimination (*id.* at 16-18), and, regardless, that

---

2 The Court also notes that, although the 300-day limitations period may be equitably tolled in "rare and exceptional" circumstances, *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (citation omitted), plaintiff has failed to state any basis for equitable tolling, and the Court concludes that no such basis exists in the record. In any event, even if these claims were timely, they would fail for the same reasons that plaintiff's timely claims cannot survive summary judgment—namely, even construing the evidence most favorably to plaintiff, no rational jury could find that any of these actions were motivated by discrimination or retaliation.

5

defendant offered legitimate, nondiscriminatory reasons for the alleged discriminatory acts (*id.* at 18-19). The R&R states that "[t]here is simply nothing in the record before the Court from which a reasonable fact-finder could conclude that Plaintiff was discriminated against in any way," and that defendant is, thus, entitled to summary judgment with respect to plaintiff's discrimination claims. (*Id.* at 20.)

With regard to plaintiff's hostile work environment claim, the R&R concludes that the allegations did not rise to the level of severity and pervasiveness necessary to establish such a claim. (*Id.* at 20-22.) The R&R also concluded, in any event, that no reasonable inference could be drawn that the alleged harassment was based on plaintiff's status as a member of a protected class. (*Id.* at 22.) Finally, the R&R states that plaintiff's retaliation claim fails for the same reasons as the discrimination claim: plaintiff failed to establish a *prima facie* case of retaliation "because he cannot demonstrate any adverse employment action," defendant "articulated legitimate nondiscriminatory reasons for the actions," and plaintiff "failed to demonstrate pretext." (*Id.* at 23.) For these reasons, the R&R also recommends granting summary judgment to defendant with respect to plaintiff's hostile work environment and retaliation claims. (*Id.* at 22-23.)

The Court has considered all of plaintiff's objections and concludes, after *de novo* review, that they point to no errors in the R&R. Even liberally construing plaintiff's objections, the Court concludes that plaintiff has not put forward any arguments that address the legal and factual deficiencies in plaintiff's claims that warrant summary judgment for defendant. Instead, plaintiff simply argues that the R&R failed to address all of his claims. However, as defendant correctly points out in response to plaintiff's objections,

> [T]he Objections do not identify any admissible evidence as would create a genuine dispute regarding any material fact with regard to

> Plaintiff's *prima facie* burden or which would tend to show that Defendant's proffered reasons for its actions were a pretext for discrimination or retaliation. Plaintiff simply attaches to the objections portions of his Second Amended Complaint . . . [that] he feels Magistrate Judge Shields did not consider.

(Defendant's Response at 4.) Further, defendant correctly notes that Magistrate Judge Shields did, in fact, consider the allegations that plaintiff identified as "NC" (not considered). (*Id.* at 5-7.) The Court agrees that plaintiff has failed to identify any errors the R&R made in considering the motion for summary judgment, and that his objections merely "reiterat[e] his subjective belief that he was wronged." (*Id.* at 4.) With respect to his discrimination and retaliation claims, even assuming *arguendo* that he was able to meet the minimal showing to establish a *prima facie* case, no rational jury (even construing the evidence most favorably to plaintiff) could conclude that the articulated, non-discriminatory and non-retaliatory reasons defendant provided were a pretext for discrimination based on his race, color, religion, or national origin, or were done in retaliation for his complaints of discrimination. Similarly, with respect to his hostile work environment claim, there is insufficient evidence in the record (even construing the record most favorably to plaintiff) from which a rational jury could find that the alleged conduct rose to the level necessary to establish a hostile work environment, or that any alleged harassment was based on his status as a member of a protected class. In short, the Court agrees with the R&R and grants defendant's motion for summary judgment in its entirety.

## Conclusion

In light of the foregoing, after *de novo* review, the Court adopts the analysis and recommendations contained in the well-reasoned and thorough R&R in their entirety. Accordingly,

IT IS HEREBY ORDERED that defendant's motion for summary judgment (ECF No. 98) is granted. The Clerk of the Court shall enter judgment accordingly and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ Joseph F. Bianco
Joseph F. Bianco
United States District Judge

Dated: August 15, 2018
Central Islip, New York